Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067-5905
Telephone:  310.201.9150
Facsimile:  310.201.9160
Email:  info@glancylaw.com

Attorneys for Plaintiff
MAXINE DE VILLEFRANCHE

Stuart M. Richter (SBN 126231)
Gregory S. Korman (SBN 216931)
Gloria C. Franke (SBN 246390)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471
Email:  greg.korman@kattenlaw.com
          gloria.franke@kattenlaw.com

Attorneys for Defendant
HSBC BANK NEVADA, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION (Los Angeles)

| | |
|---|---|
| MAXINE DE VILLEFRANCHE, on Behalf of Herself and Those Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>HSBC BANK NEVADA, N.A.<br><br>Defendant. | CASE NO. 2:09-cv-03693-GHK (JWJx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIALS** |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to the provisions of Rule 26 of the Federal Rules of Civil Procedure, Plaintiff Maxine DeVillefranche and Defendant HSBC Bank Nevada, N.A., through their counsel, entered into a Stipulation to reasonably preserve the confidentiality of discovery materials produced or information otherwise disclosed by the parties during the course of discovery in this action.

IT IS HEREBY ORDERED that, pursuant to the parties' Stipulation, the following provisions shall govern confidential information produced by the parties during the course of this action:

1. This Stipulation and Protective Order shall apply to all materials and information designated as confidential under paragraph 2 and produced by the parties during the course of discovery, and all copies, excerpts, or summaries of the documents produced, including, without limitation, documents and information produced pursuant to Rules 26, 33 or 34 of the Federal Rules of Civil Procedure, or by informal request or agreement, answers to interrogatories or requests for admissions, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").

2. Any party who produces or discloses any information in discovery may designate materials or portions thereof not previously disclosed to the public by the producing party and not subject to another protective or confidentiality order as "CONFIDENTIAL." Discovery Materials that may be designated as "CONFIDENTIAL" are limited to: (1) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (2) trade secret information as defined under California Civil Code § 3426.1; (3) tax, medical, or other personal information (including, without limitation, social security numbers) relating to any person or entity; (4) proprietary sales, marketing, licensing, operational or other proprietary information not otherwise publicly available; (5) information

pertaining to Defendant's customers that is not publicly available; and (6) information relating to non-public administrative or regulatory proceedings.

3. Documents designated "CONFIDENTIAL" included as part of any court filing shall be filed manually according to the procedures defined in Local Rule 79-5, and not by electronic means, sealed in envelopes in compliance with Local Rule 79-5 as set forth in Paragraph 9.  Any non-party from whom discovery material is sought in this case may also designate the discovery material produced as "CONFIDENTIAL" as provided in this Stipulation and Protective Order.

4. Confidential Discovery Materials shall not be disclosed by any means to any person or entity for any other purpose whatsoever except the prosecution or defense of this case.

5. Confidential Discovery Materials may only be disclosed to the following persons:

(a) Attorneys of record or in-house counsel for the parties in this action and the staff of their respective law firms or in-house legal departments working on this case;

(b) Experts or consultants for each side retained for the purpose of assisting counsel in the prosecution or defense of this litigation or testifying at trial, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony (plus such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert);

(c) Named parties, or officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case;

(d) Persons noticed for depositions or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case;

    (e) The Court and Court personnel in accordance with the procedures set forth in Local Rule 79-5 and Paragraph 9 below;

    (f) Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

    (g) Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

    (h) Any person who authored or received the particular information sought to be disclosed to that person.

  6. Plaintiff may not disclose any Confidential Discovery Material to any person or entity falling within the categories listed in Paragraph 5 where such person or entity is currently employed or retained by, or is providing consulting or advisory services to, any competing bank of Defendant (hereinafter, "Competing Company"). In the event a person or entity listed in Paragraph 5 becomes employed or retained by, or provides consulting or advisory services to, any Competing Company after receiving information pursuant to this Stipulation and Protective Order, that person or entity shall immediately return all documents to plaintiff's counsel and plaintiff's counsel shall promptly notify Defendant. Should a party wish to disclose Confidential Discovery Material to an individual affiliated with a Competing Company as a witness or an expert, that party under appropriate circumstances may seek consent of the opposing party or relief from this Protective Order.

  7. Before disclosing Confidential Discovery Materials to persons within the categories in Paragraphs 5(b), (d), (g) and (h) above, the attorney disclosing the materials shall advise such persons of the restrictions of this Stipulation and Protective Order and obtain written assurance in the form attached as Exhibit A that such person will be bound by its provisions. In the event a person within the category in Paragraph 5(d) fails or refuses to sign Exhibit, counsel for the parties may nonetheless agree to proceed with the deposition or examination. By signing this Order, counsel shall bind the parties whom they represent.

8. All Confidential Discovery Materials shall be designated and stamped "CONFIDENTIAL" prior to their production. In the event that a party inadvertently fails to designate any Confidential Discovery Materials, the producing party may within fifteen (l5) days of production make such a designation by notifying the receiving party in writing. In the case of deposition testimony, counsel for the person being deposed shall, within fifteen (15) days after the transcript has been received by such counsel, be permitted to designate any portions of the transcript which contain testimony concerning Confidential Discovery Materials and not so designated during deposition testimony, which portions after such designation shall be treated as Confidential Discovery Materials. In the event a party discloses information later designated confidential to an entity or person not listed in Paragraph 5, that party will have those documents returned to the party and take all reasonable and appropriate steps to ensure that the material does not become publicly available.

9. All Confidential Discovery Materials submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Stipulation and Protective Order. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Discovery Materials. A party that seeks to file under seal any Confidential Discovery Materials must comply with Local Rule 79-5 and U.S. District Court, Central District of California local filing procedures applicable to filing sealed documents.

All filings shall also contain the following statement:

CONFIDENTIAL DISCOVERY MATERIALS

May Only Be Opened By Order Of The Court

10. In the event a party objects to the other party's designation of any material as "CONFIDENTIAL" under this Stipulation and Protective Order, the objecting party shall consult with the designating party to attempt to resolve their

differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may bring a motion to the Court in accordance with Local Rule 37 for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other material that have been designated "CONFIDENTIAL" shall be treated as confidential until such time as the Court or any magistrate to whom this matter is assigned rules that such materials should not be treated as confidential.

11. This Stipulation and Protective Order shall not prevent any Confidential Discovery Materials from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties agree that they will attempt to reach agreement regarding the procedures to be recommended to the Court.

12. Independent experts and consultants authorized to view information or documents designated as "CONFIDENTIAL" under the terms of this Stipulation and Protective Order may retain custody of such copies as are necessary for their participation in this litigation. Other appropriate recipients receiving such materials from counsel shall not retain copies of such materials but shall instead, return such materials to counsel who disclosed the Confidential Discovery Materials to the recipient within a reasonable period of time after counsel has determined in good faith that the recipient's assistance in the litigation is no longer needed. Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. If the producing party elects to have Confidential Discovery Materials destroyed rather than returned, the producing party is responsible for the

1  costs of destruction.  The prohibitions of this Stipulation and Protective Order which
2  restrict the disclosure and use of Confidential Discovery Materials shall continue to be
3  binding after the conclusion of this action.  The parties and any other person obtaining
4  access to Confidential Discovery Materials pursuant to this Stipulation and Protective
5  Order agree that the Court shall retain jurisdiction following judgment or dismissal to
6  enforce the terns hereof.

7        13.    Nothing in this Stipulation and Protective Order shall restrict the use or
8  disclosure by any party of its own Confidential Discovery Materials.

9        14.    If some of the same information or materials that have been designated as
10 "CONFIDENTIAL" under the terms of this Stipulation and Protective Order appear or
11 are found in a publicly available forum without violation of Paragraph Five (5) of this
12 Stipulation and Protective Order on the part of the receiving party herein, then the
13 parties shall confer about whether such information or materials shall remain subject
14 to the restrictions of this Stipulation and Protective Order.

15       15.    If a person or entity in possession of Confidential Discovery Materials is
16 served with a subpoena or demand for production of such materials from a court,
17 administrative, legislative, or other governmental body, the recipient shall give written
18 notice as soon as possible and in no case later than 5 days of receipt of the subpoena
19 or demand to the attorneys for the producing or disclosing party.  In the event that a
20 subpoena or demand purports to require production of such Confidential Discovery
21 Materials in less than 10 days from the recipient's receipt of the notice, the person or
22 entity to whom the subpoena or demand is directed shall give immediate telephonic
23 notice of the receipt of such subpoena or demand and transmit a copy thereof by
24 telecopier, e-mail, or for next day delivery, to the attorneys for the producing or
25 disclosing party.  The person or entity in possession of such Confidential Discovery
26 Materials shall remain neutral regarding any attempt of the producing or disclosing
27 party to have the subpoena or demand quashed or modified by the compelling
28 authority and shall, to the extent consistent with law, retain possession and, where

1  possible, not produce the subject Confidential Discovery Materials until any such
2  attempt is resolved or until ordered to do so by a court.  Good faith compliance with a
3  lawful subpoena shall not be deemed a violation of this Stipulation and Protective
4  Order.

6   IT IS SO ORDERED.

8  Dated: _____12/23/09_____           _____/s/ Patrick J. Walsh_____
9                                      United States Magistrate Judge

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

31502497_339378-00007                    8                    2:09-cv-03693-GHK (JWJx)

## **EXHIBIT A**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Stipulation and Protective Order governing confidentiality of discovery materials dated December _____, 2009, in the action entitled *Maxine DeVillefranche v. HSBC Bank Nevada, N.A.*, Case No. 09-3693 GHK (JWJx).

As a condition precedent to my examination of any Confidential Discovery Materials in connection with this case, or my obtaining any information derived from said Confidential Discovery Materials, I hereby agree that this stipulation and Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Stipulation and Protective Order. I agree to submit to the jurisdiction of the United States District Court, Central District of California, for purposes of enforcement of the Stipulation and Protective Order.

Dated: _____

Name (Signature) _____

Name (Printed) _____

_____

Address

Katten Muchin Rosenman LLP — 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012 — 310.788.4400 tel 310.788.4471 fax

31502497_339378-00007 — 10 — 2:09-cv-03693-GHK (JWJx)